Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| JOSÉ LUIS RIVERA SEGARRA<br><br>Apelante<br><br>v.<br><br>DAMARIS PADILLA ASENCIO, MITCHEL LOZANO ARROYO, RAÚL ACOSTA ACOSTA y otros<br><br>Apelados | TA2026AP00098 | APELACIÓN Procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: CB2025CV00233 (307)<br><br>Sobre: Retracto de Colindantes |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 22 de junio de 2026.

Comparece ante nos el señor José Luis Rivera Segarra ("señor Rivera Segarra" o "Parte Apelante") mediante el *Recurso de Apelación* presentado el 28 de enero de 2026.[1] Nos solicita la revocación de la *Sentencia* emitida y notificada el 29 de diciembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("foro primario" o "foro *a quo*").[2] Por virtud del aludido dictamen, el foro primario desestimó la *Demanda* sobre retracto de colindantes instada por la Parte Apelante, toda vez que no presentó dicha reclamación dentro del término de treinta (30) días, a partir de la inscripción de la venta ante el Registro de la Propiedad, según dispone el Artículo el Artículo 1058 del Código Civil (2020), 31 LPRA sec. 8874.

Por los fundamentos expuestos a continuación, ***confirmamos*** el dictamen apelado.

---

[1] *Véase* SUMAC TA, Entrada Núm. 1.
[2] *Véase* SUMAC TPI, Entrada Núm. 39.

**I.**

El **15 de abril de 2025**, el señor Rivera Segarra instó *Demanda* sobre retracto de colindantes contra el señor Mitchell Lozano Arroyo, la señora Damaris Padilla Asencio y la Sociedad Legal de Bienes Gananciales compuesta por ambos; el señor Raúl Acosta Acosta, Fulana de Tal y la Sociedad Legal de Bienes Gananciales constituida por ambos; Compañía ABC D/B/A o Inc.; Fulano de Tal, Mengana de Tal, y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en conjunto, "los Apelados", conjuntamente).[3] En síntesis, el Apelante alegó que es dueño en pleno dominio de la propiedad inmueble que se describe a continuación:

> --- **Rústica:** BARRIO MIRADERO de Cabo Rojo. Solar: 8. Cabida: 407.2259 Metros Cuadrados. Linderos: Norte, **con faja de terreno a dedicarse a uso público. Sur, con el solar número 4 según el plano de inscripción**. Este, con terrenos de la sucesión de Perfecto Montalvo. Oeste, con la calle B según el plano de inscripción. --- Finca Número 22044, Sección San Germán. --- Número de catastro 308-055-037-20-000.[4] (Énfasis suplido).

A su vez, precisó que su propiedad colinda con la siguiente finca, la cual no excede los diez mil (10,000) metros cuadrados:

> ---**RÚSTICA:** Porción identificada con el número cuatro (4) en el plano de inscripción, localizada en el Sector Delicias del Barrio Miradero del término municipal de Cabo Rojo, Puerto Rico, con una cabida superficial de cuatrocientos setenta punto dos mil ochocientos treinta y nueve metros cuadrados (470.2839 m/c) equivalentes a cero punto mil ciento noventa y siete cuerdas (0.1197 c.). **Colindante por el NORTE, con el solar identificado número Ocho (8) según plano de inscripción**; por el SUR, con el Solar identificado número Cinco (5) y Dos (2) según plano de inscripción; por el ESTE, con terrenos propiedad Sucesión Perfecto Montalvo; y por el OESTE, con la calle D, según plano de inscripción. --- TRACTO REGISTRAL: Finca 22040, inscrita al folio 224 del tomo 6332 de Cabo Rojo, registro de San Germán. --- Catastro: 308-055-037-19-000.[5] (Énfasis suplido).

En lo pertinente a su reclamación, detalló que la propiedad que antecede pertenecía al señor Acosta Acosta, quien la vendió a la señora Padilla Asencio y el señor Lozano Arroyo el **11 de septiembre**

---

[3] *Véase* SUMAC TPI, Entrada Núm. 1.
[4] *Íd.*, pág. 1.
[5] *Íd.*, pág. 2.

**de 2024**, según consta en la *Escritura de Compraventa Número 4*. En esa línea, adujo que el **21 de marzo de 2025**, al llegar a su propiedad, notó que se efectuaban trabajos en la finca colindante mencionada. A la luz de lo anterior, indicó que en ese momento le solicitó a su hija que verificara las plataformas digitales para constatar que, en efecto, la propiedad colindante había sido objeto de compraventa. Agregó que durante ese día también le preguntó al señor Lozano Arroyo si había adquirido la finca colindante, sin embargo, este le respondió que "no sabía" o "que no se acordaba".[6]

En vista de ello, relató que el **31 de marzo de 2025,** su representante legal le orientó respecto al derecho de retracto que ostenta como colindante del referido solar. Por lo anterior, solicitó que se le reconociera dicho derecho, toda vez que: (1) su propiedad es colindante con la finca objeto de la compraventa, (2) el terreno es menor de diez mil (10,000) metros cuadrados, y (3) las tierras colindantes no están separadas por arroyos, acequias, barrancos, caminos y otras servidumbres aparentes en provecho de otras fincas. **Por último, indicó que la transacción concerniente a la compraventa de la finca colindante se presentó ante el Registro de la Propiedad el 20 de septiembre de 2024**:

> **La venta de la Propiedad objeto de esta causa de acción, por información y creencia, se realizó mediante Escritura de compraventa número 4 otorgada ante el Notario Público Samuel Vargas Rivera el 11 de septiembre del 2024, a favor de Michelle Lozano Arroyo y Damaris Padilla Asencio. Dicha transacción fue realizada por la cantidad de $75,000 y <u>fue presentada en la plataforma KARIBE del Registro de la Propiedad, al Asiento 2024-109224-SG01 el 20 de septiembre de 2024, y está pendiente de inscripción.</u>**[7] (Énfasis suplido).

Así las cosas, el 25 de julio de 2025, el señor Acosta Acosta presentó *Moción de Desestimación,* al amparo de la Regla 10. 2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5).[8] En esencia, arguyó

---

[6] *Íd.,* pág. 4.
[7] *Íd.,* pág. 6, Anejo II, *Hoja Simple del Registro de la Propiedad.*
[8] *Véase* SUMAC TPI, Entrada 20.

que el término para reclamar el derecho de retracto comenzó a transcurrir a partir de la presentación de la escritura ante el Registro de la Propiedad, es decir, el **20 de septiembre de 2024**. Por consiguiente, razonó que la reclamación se encontraba prescrita, pues la Parte Apelante contaba con el plazo de treinta (30) días para presentar su causa de acción, el cual venció el **20 de octubre de 2024**.

De manera similar, el 16 de agosto de 2025, el señor Lozano Arroyo, la señora Padilla Asencio y la Sociedad Legal de Bienes Gananciales constituida por ambos, radicaron *Moción en Solicitud de Desestimación-Enmendada*, de conformidad con la Regla 10.2(5) de Procedimiento Civil, *supra*.[9] En esta, reiteraron que, el señor Rivera Segarra debió ejercer su derecho al retracto a partir del **20 de septiembre de 2024**, fecha concerniente a la presentación de la escritura de compraventa ante el Registro de la Propiedad. Así, pues, fundamentaron su argumentación en el caso de *Flores v. Arroyo*, 43 DPR 282 (1932), en el cual nuestro Máximo Foro resolvió que "[e]l asiento de presentación es un aviso implícito a todo el mundo hasta que el documento sea realmente inscrito."[10] Por tanto, argumentaron que "la acción de retracto de colindantes caducó el **20 de octubre de 2024**", por lo que, procede su desestimación.[11]

En desacuerdo, el 29 de agosto de 2025, la Parte Apelante interpuso *Moción en Oposición* en cuanto a la moción de desestimación radicada por el señor Acosta Acosta.[12] Indicó que advino en conocimiento de la compraventa del terreno colindante el **21 de marzo de 2025**, por lo que, procedió a radicar la *Demanda* **el 15 de abril de 2025.** Especificó que entabló su causa de acción veinticinco (25) días contados a partir de su conocimiento de la

---

[9] *Véase* SUMAC TPI, Entrada Núm. 24.
[10] *Íd.*, pág. 5.
[11] *Íd.*, pág. 6.
[12] *Véase* SUMAC TPI, Entrada Núm. 30.

venta, es decir, dentro del término jurisdiccional del Artículo 1058 del Código Civil (2020), Ley Núm. 55-2020, 31 LPRA sec. 8874, según enmendada. Puntualizó que su derecho de retrayente surgió por la falta de inscripción en el Registro de la Propiedad de la escritura, a la fecha de presentación de la reclamación de epígrafe.

Igualmente, el 4 de septiembre de 2025, el señor Rivera Segarra sometió *Oposición a Desestimación* presentada por el señor Lozano Arroyo y la señora Padilla Asencio.[13] En esta, indicó que reitera los argumentos previamente esbozados en su primera oposición. En esencia, indicó que instó la *Demanda* dentro de los treinta (30) días siguientes, tras advenir en conocimiento de la compraventa del solar colindante, según lo permite la segunda vertiente establecida en el Artículo 1058 del Código Civil, *supra*.

Tras examinar los respectivos argumentos de las partes, el foro primario emitió *Sentencia* notificada el 29 de diciembre de 2025, mediante la cual desestimó el pleito, al amparo del siguiente razonamiento:

> **En el presente caso, la parte demandante alegó que tuvo conocimiento de que se efectuó la compraventa de la propiedad en controversia el 21 de marzo de 2025, y por consiguiente no se encuentra prescrita la acción incoada. No obstante, al evaluar el Artículo 1058 del "Código Civil de Puerto Rico", supra, advertimos que existe una regla general que es de aplicabilidad al caso de autos. Nótese que, el Artículo estable el término de 30 días comenzará a de cursar desde la fecha de la inscripción en el Registro y en su defecto, desde que el retrayente haya tenido conocimiento de la venta. <u>De una lectura de Artículo se puede interpretar que el primer escenario en el que comienza a de cursar el término lo es la inscripción de la Escritura en el Registro. El segundo supuesto aplicará como excepción. Es decir, de no haber habido trámite de presentación, con miras a la inscripción de la compraventa, ante el Registro de la Propiedad.</u>**
>
> **Así las cosas, estamos ante el escenario de la inscripción en el Registro de la Escritura de Compraventa. Ese hecho nos lleva a evaluar el efecto de la presentación de ésta ante el Registro de la Propiedad. Como es sabido, la "Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico", supra, establece que: "[l]os títulos inscritos surtirán efecto en cuanto a terceros desde la fecha de su inscripción. Se considerará como fecha de inscripción, para todos los efectos que ésta deba producir, aun para determinar el plazo necesario para la**

---

[13] *Véase* SUMAC TPI, Entrada Núm. 32.

**cancelación de asientos, la fecha de la presentación que deberá constar en la inscripción misma. [...]". Así pues, aun cuando los títulos inscritos surten efecto en cuanto a terceros desde su inscripción, la fecha de la presentación será el momento determinante a la hora de establecer desde cuando la inscripción es efectiva. No podemos perder de perspectiva que la inscripción en el Registro produce sus efectos retroactivamente desde el momento específico de la presentación.**

**Evaluado todo lo anterior, debemos concluir que el término para presentar la acción de retracto de colindante en el presente caso comenzó a de cursar desde el 20 de septiembre de 2024 por lo que dicho término expiró el 20 de octubre de 2024. Por consiguiente, habiéndose presentado la DEMANDA de autos el 15 de abril de 2025, <u>concluimos que procede la desestimación de la demanda</u> presentada toda vez que el término para presentar la acción de retracto de colindantes expiró el 20 de octubre de 2024; 30 días después de la presentación de la escritura de compraventa ante el Registro de la Propiedad**.[14] (Citas omitidas y énfasis suplido).

Inconforme, el 28 de enero de 2026, el señor Rivera Segarra presentó ante este Tribunal de Apelaciones el *Recurso de Apelación,* en el cual esbozó siguiente señalamiento de error:

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR CADUCADA LA ACCIÓN DE RETRACTO Y DESESTIMAR LA DEMANDA, AL APLICAR INDEBIDAMENTE LA FICCIÓN DE RETROACTIVIDAD DEL ARTÍCULO 19 DE LA LEY DEL REGISTRO DE LA PROPIEDAD A UN TÉRMINO SUSTANTIVO DEL CÓDIGO CIVIL, EQUIPARANDO EL ASIENTO DE PRESENTACIÓN CON LA INSCRIPCIÓN DEFINITIVA, A PESAR DE QUE, AL MOMENTO DE PRESENTARSE LA ACCIÓN, LA COMPRAVENTA NO ESTABA INSCRITA Y EL TÉRMINO APLICABLE ERA EL DE TREINTA (30) DÍAS CONTADOS DESDE EL CONOCIMIENTO EFECTIVO DE LA VENTA CONFORME AL ARTÍCULO 1058 DEL CÓDIGO CIVIL.[15]

El 29 de enero de 2026, esta Curia emitió *Resolución* en la cual concedió a la Parte Apelada el término a vencer 27 de febrero de 2026 para presentar su alegato en oposición.[16] Oportunamente, los Apelados sometieron *Alegato de la Parte Apelada* el 10 de febrero de 2026.[17] En su escrito, solicitaron que se declare *No Ha Lugar* el

---

[14] *Véase* SUMAC TPI, Entrada 39, págs. 8-9.
[15] *Véase* SUMAC TA, Entrada Núm. 1, pág. 10.
[16] *Véase* SUMAC TA, Entrada Núm. 2.
[17] *Véase* SUMAC TA, Entrada Núm. 3.

recurso apelativo, y, en consecuencia, confirmemos la *Sentencia* emitida por el foro *a quo*.[18]

Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable a la controversia ante nuestra consideración.

## II.
### *A. Regla 10.2 de Procedimiento Civil*

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2, permite a la parte demandada solicitar al tribunal que desestime la demanda antes de contestarla "cuando es evidente de las alegaciones de la demanda que alguna de las defensas afirmativas prosperará". *Conde Cruz v. Resto Rodríguez*, 205 DPR 1043, 1065 (2020) citando a *Sánchez v. Aut. de los Puertos*, 153 DPR 559, 569 (2001). La precitada regla fija los siguientes fundamentos para solicitar la desestimación: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; **(5) dejar de exponer una reclamación que justifique la concesión de un remedio**; y (6) dejar de acumular una parte indispensable.

Al evaluar una solicitud desestimatoria al amparo del inciso (5), "el tribunal tomará como ciertos todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente, y que de su faz no den margen a dudas". *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (2008). Cabe destacar que, "no procede la desestimación a menos que se deduzca con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación". *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 821

---

[18] *Íd.*, pág. 10.

(2013); *Consejo Titulares v. Gómez Estremera*, 184 DPR 407, 423 (2012).

Ante una moción de desestimación, "resulta evidente interpretar las alegaciones conjunta y liberalmente a favor del promovido". *Torres, Torres v. Torres Serrano*, 179 DPR 481, 502 (2010); *Sánchez v. Aut. de Los Puertos, supra*, pág. 570. El tribunal debe examinar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida". *Colón v. Lotería*, 167 DPR 625, 649 (2006); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

### B. Retracto de colindantes

Nuestro ordenamiento jurídico define el retracto legal como "el derecho de subrogarse, con las mismas condiciones estipuladas en el contrato, en lugar de la persona que adquiere una cosa por compra o dación en pago", de conformidad con el Artículo 1055 del Código Civil (2020), Ley Núm. 55-2020, 31 LPRA sec. 8871, enmendada ("Código Civil" o "Ley Núm. 55-2020"). Entre las formas de retracto legal contempladas en el estado de derecho vigente se encuentra el retracto de colindantes, dispuesto en el Artículo 1057 de la precitada legislación:

> **[T]ienen el derecho de retracto los propietarios de las tierras colindantes cuando se trata de la venta de una finca rústica cuya cabida no excede de diez mil (10,000) metros cuadrados.**
>
> **El derecho a que se refiere el párrafo anterior no es aplicable a las tierras colindantes que estén separadas por arroyos, acequias, barrancos, caminos y otras servidumbres aparentes en provecho de otras fincas.**
> **Si dos o más colindantes usan del retracto al mismo tiempo, es preferido el que de ellos sea dueño de la tierra colindante de menor cabida; y si las dos la tienen igual, el que primero lo solicita**. 31 LPRA sec. 8873. (Énfasis suplido).

Para vindicar este derecho, el Artículo 1058 del Código Civil (2020), 31 LPRA sec. 8874, establece que, **"[n]o puede ejercitarse el derecho de retracto legal sino dentro de treinta (30) días**

**contados desde la inscripción en el registro, y en su defecto, desde que el retrayente haya tenido conocimiento de la venta**". (Énfasis suplido). Nótese que el referido artículo contempla dos circunstancias para advenir en conocimiento de la venta de la finca colindante, a saber: (1) cuando se inscribe la compraventa ante el Registro de la Propiedad, y en su defecto, entiéndase, ante la ausencia de inscripción, (2) cuando el retrayente haya tenido conocimiento de la venta.

Al interpretar la disposición legal que antecede, es menester acudir al Artículo 19 de la Ley del Registro de la Propiedad Inmobiliaria, Ley Núm. 210-2015, 30 LPRA sec. 6034 según enmendada ("Ley del Registro de la Propiedad" o "Ley Núm. 210-2015"), el cual regula la fecha concerniente a la inscripción, como lee a continuación:

> **Los títulos inscritos surtirán efecto en cuanto a terceros desde la fecha de su inscripción. Se considerará como fecha de inscripción, para todos los efectos que ésta deba producir, aun para determinar el plazo necesario para la cancelación de asientos, la fecha de la presentación que deberá constar en la inscripción misma**. (Énfasis suplido).

Así, pues, "una vez inscritos los documentos en el Registro de la Propiedad adquieren publicidad y, así, dan eficacia a las garantías reales que confieren protección a adquirentes y acreedores, junto a la defensa y legitimación de las titularidades inscritas". *López García v. López García*, 200 DPR 50, 67 (2018). 67-68 (citando a *Sánchez Díaz et al. v. E.L.A.*, 181 DPR 810, 829 (2011)). En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha establecido que "**[e]l asiento de presentación es un aviso implícito a todo el mundo hasta que el documento sea realmente inscrito. Una escritura, una vez presentada, si merece inscribirse, tiene todos los efectos de tal inscripción**". *Gasolinas PR v. Registrador*, 155 DPR 652, 676 (2001) (citando a *Flores v. Arroyo*, 43 DPR 282, 283 (1932)). (Énfasis suplido).

**III.**

En el recurso de epígrafe, el señor Rivera Segarra alega que el término para ejercer el retracto de colindantes comenzó a transcurrir a partir del 21 de marzo de 2025, fecha en la cual advino en conocimiento de la compraventa de la finca colindante. De acuerdo con su postura, "resulta insostenible que el derecho del Apelante a invocar el término por conocimiento sea destruido retroactivamente por un evento futuro, la inscripción tardía del 12 de junio de 2025", la cual no había ocurrido cuando instó la *Demanda* el 15 de abril de 2025.[19] En vista de ello, nos solicita la revocación de la *Sentencia* que decretó la desestimación de su reclamación.

En oposición, los Apelados arguyen que el señor Rivera Segarra presentó tardíamente su *Demanda*. Sostienen que el Artículo 1058 del Código Civil, *supra*, debe interpretarse en conjunto con el Artículo 19 de la Ley del Registro de la Propiedad, *supra*. A la luz de lo anterior, razonan que el término para instar la acción de retracto comenzó a transcurrir el 20 de septiembre de 2024, fecha en la cual se presentó la escritura de compraventa ante el Registro de la Propiedad.

Luego de examinar el recurso que nos ocupa, determinamos el foro primario actuó correctamente al desestimar la *Demanda* radicada por la Parte Apelante. Adelantamos que el señor Rivera Segarra no ejerció oportunamente su acción de retracto. Ello, pues, presentó su reclamación en exceso del término de treinta (30) días, a partir de la inscripción de la compraventa ante el Registro de la Propiedad, exigido por el Artículo 1058 del Código Civil (2020), *supra*. Por tanto, aun tomando como ciertos todos los hechos bien alegados en su reclamación, colegimos que no tiene derecho a la

---

[19] *Véase*, SUMAC TA, Entrada 1, *Recurso de Apelación*, pág. 21.

concesión de remedio alguno bajo nuestro estado de derecho civil vigente. *Veamos.*

Surge del expediente ante nos que, el **15 de abril de 2025** el Apelante presentó su *Demanda* sobre retracto de colindantes. En esa línea, argumenta que radicó oportunamente su acción legal, toda vez que en ese momento no constaba inscrita la compraventa ante el Registro de la Propiedad. Para prevalecer en su contención, aduce que, advino en conocimiento de la compraventa el día **21 de marzo de 2025**, fecha en la que notó que se efectuaban trabajos en la finca colindante. **No coincidimos con este razonamiento.**

Recordemos, pues, que, "nuestro sistema registral inmobiliario se basa en velar por la certeza del tráfico económico inmobiliario". *López García v. López García, supra,* pág. 67. *Distribuidores Gas PR v. Registradora,* 188 DPR 351, 359 (2013). Como discutimos en el acápite anterior, "una vez inscritos los documentos en el Registro de la Propiedad adquieren publicidad y, así, dan eficacia a las garantías reales que confieren protección a adquirentes y acreedores, junto a la defensa y legitimación de las titularidades inscritas". *López García v. López García, supra,* págs. 67-68 (citando a *Sánchez Díaz et al. v. E.L.A.,* supra, pág. 829). En consonancia con lo anterior, el Artículo 19 de la Ley del Registro de la Propiedad, *supra,* preceptúa que "**[s]e considerará como fecha de inscripción, para todos los efectos que ésta deba producir, aun para determinar el plazo necesario para la cancelación de asientos, <u>la fecha de la presentación que deberá constar en la inscripción misma</u>**". (Énfasis suplido). **Es decir, la inscripción se retrotrae al momento de la presentación.** Véase, *López García v. López García, supra,* págs. 67-68.

A la luz de la normativa esbozada, resulta forzoso concluir que, el señor Rivera Segarra presentó tardíamente su reclamación sobre retracto de colindantes. Ello, pues, el término para radicar la

*Demanda* empezó a decursar el **24 de septiembre de 2024**, fecha atinente a la inscripción registral, la cual es consistente con el día en que los Apelados presentaron la compraventa ante el Registro de la Propiedad.[20] Por tanto, la Parte Apelante disponía hasta el **24 de octubre de 2024** para instar la causa de acción sobre retracto colindante, de conformidad con el término establecido en el Artículo 1058 del Código Civil, *supra*, y en armonía con el Artículo 19 de la Ley del Registro de la Propiedad, *supra*.

Asimismo, debemos precisar que estamos impedidos de acoger el argumento levantado por el señor Rivera Segarra respecto a que advino en conocimiento de la compraventa el 21 de marzo de 2025. **Cabe señalar que, el Artículo 1058 del Código Civil (2020), *supra*, establece que, "[n]o puede ejercitarse el derecho de retracto legal sino dentro de treinta (30) días contados desde la inscripción en el registro, y <u>en su defecto</u>, desde que el retrayente haya tenido conocimiento de la venta".** (Énfasis suplido). No obstante, esta última instancia no aplica a la situación de hechos ante nuestra consideración, pues en este caso, la compraventa se inscribió ante el Registro de la Propiedad, lo cual implica que, el término de treinta (30) días empezó a decursar a partir de la fecha de dicha inscripción registral, es decir, **la fecha del 24 de septiembre de 2024**. Por consiguiente, estamos imposibilitados de aplicar la fecha del conocimiento de la compraventa como punto de comienzo para computar el término de treinta (30) días dispuesto en el Artículo 1058 del Código Civil, *supra*.

En vista de lo anterior, reiteramos que el foro primario actuó conforme a derecho al desestimar la *Demanda* instada por el señor Rivera Segarra, a tenor con los parámetros establecidos en el inciso

---

[20] *Véase*, SUMAC TPI, Entrada 22, Anejo I, *Recibo de Presentación*.

(5) de la Regla 10.2 de Procedimiento Civil, *supra*. En efecto, resolvemos que la Parte Apelante no tiene derecho a remedio alguno, toda vez que no radicó su acción de retracto dentro del término de treinta (30) días, a partir de la fecha de inscripción ante el Registro de la Propiedad, según lo exige el Artículo 1058 del Código Civil, *supra*. En virtud de ello, confirmamos la *Sentencia* aquí impugnada, pues no reviste prejuicio, parcialidad o error manifiesto en la interpretación o la aplicación de norma jurídica sustantiva o procesal, por parte del foro primario.

**IV.**

Por los fundamentos antes expuestos, ***confirmamos*** la *Sentencia* notificada el 29 de diciembre de 2026, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones